IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| OTIS LAIRD BOGGESS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0187 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO
DISMISS FOR FAILURE TO PAY FILING FEE
AND FOR FAILURE TO STATE A CLAIM**

On July 17 2006, petitioner OTIS LAIRD BOGGESS filed a Petition for a Writ of Habeas Corpus with this Court.[1] However, petitioner failed to fully complete the habeas form petition. Additionally, petitioner did not submit with his habeas application any payment to satisfy the requisite filing fee, nor did he submit an application to proceed *in forma pauperis* with a certified *in forma pauperis* data sheet from the institution in which he is confined.

On July 21, 2006, the undersigned granted petitioner BOGGESS permission to proceed *in forma pauperis* temporarily, pending submission of an application to proceed *in forma pauperis* with a certified *in forma pauperis* data sheet from the institution in which he is confined or, alternatively, receipt of the $5.00 filing fee. The same date, petitioner was ordered

---

[1] Petitioner's habeas application is deemed filed as of the date he placed his petition in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

to submit an Amended Petition and specifically to answer Questions 1, 2, 3, 4, 17, 18 and 19. Petitioner was given twenty (20) days in which to comply with the Court's orders. Petitioner was admonished that the failure to comply would result in the immediate recommendation of dismissal of this case.

On August 2, 2006, petitioner submitted his Amended Petition and while he partially completed Questions 1-4, he failed to provide the court of conviction and the underlying conviction date. On Questions 17 - 19, petitioner failed to provide the disciplinary case number, the date he was found guilty of the disciplinary proceeding, and the result dates of his Step 1 and Step 2 grievances. The only allegation petitioner has made in support of his petition is that his due process rights were violated at the disciplinary hearing. Petitioner failed to elaborate on this allegation and consequently, his claim is conclusory and states no claim at all.

Further, petitioner failed to comply with the Court's orders. As set forth above, petitioner's habeas petition is conclusory and provides no basis upon which relief can be granted. Instead of providing this Court with an *in forma pauperis* data sheet or paying the $5.00 fee as ordered, petitioner requested the Court order respondent to pay the fee from petitioner's account. It is petitioner's obligation to ensure that the filing fee is submitted to the Court. Prisoners routinely pay the filing fee from their prison accounts and petitioner BOGGESS is not entitled to be treated differently. Because petitioner has failed to comply with direct orders from the Court, it is the opinion of the undersigned that petitioner's case should be dismissed.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the habeas application filed by petitioner OTIS LAIRD BOGGESS be

DISMISSED for failure to pay the $5.00 filing fee and for failure to state a claim upon which relief can be granted.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 15th day of August 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).